IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

PATRICIA A. ALFELE,

    Plaintiff,

v.

RGF ENVIRONMENTAL
GROUP, INC., a Florida profit
corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, PATRICIA A. ALFELE, by and through her undersigned attorney and hereby files this Complaint against RGF ENVIRONMENTAL GROUP, INC., a Florida profit corporation individually, and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff, PATRICIA A. ALFELE is a resident of Palm Beach County, Florida.

5. RGF ENVIRONMENTAL GROUP, INC ["RFG"] has a principal place of business at 1101 West 13th Street, Riviera Beach, Florida 33404.

6. This cause of action arose in Palm Beach County.

7. Palm Beach County, Florida is proper venue for this action because Plaintiff was employed by and had dealings with Defendants in Palm Beach County, Florida.

8. Defendant, failed to pay Plaintiff the mandatory wages as required under federal law.

9. Defendant has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

10. Defendant, was at all times material hereto, an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

11. Plaintiff's job duties were such that she herself was individually engaged in commerce in that she was selling air purifiers to commercial dealers.

## COMMON ALLEGATIONS

12. Plaintiff was employed with Defendant RFG from on or about March 13, 2016 up to and including her separation on November 10, 2020.

13. At the time of her separation, Plaintiff held the position of customer service.

14. Plaintiff's job duties included selling air purifiers, building and managing a private label program, answer phones, and maintaining email correspondence.

15. Plaintiff regularly worked over forty (40) hours in a given work week.

16. Defendant failed to pay Plaintiff overtime in violation of federal law.

17. Plaintiff is non-exempt employees under the FLSA.

18. Plaintiff was not paid time and one half her hourly rate for hours worked over forty (40) in a work week.

19. Plaintiff estimates she is owed $10,627.54 in back unpaid overtime payments. She calculates the amounts owed based on the following:

- $70,000/year divided by 52 weeks = $1346.15 weekly earnings. She worked 7.5 hours a week at her halftime rate or $14.14 which equals $106.28 times 100 hours of overtime equals $10,627.54.
- Plaintiff's overtime rate should also include commission payments made to her during her employment which will likely increase the overtime rate and in turn the amount she is owed.
- Defendant is believed to be in possession of those records

20. Plaintiff seeks an additional amount in liquidated damages.

### COUNT I
### UNPAID OVERTIME
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

21. Plaintiff re-alleges Paragraphs 1 through 20 as set forth herein.

22. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

23. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendant.

24. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

25. Defendant, failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

26. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

27. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct,

such that Plaintiff is entitled to overtime payments for the entire preceding period.

28. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

29. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

30. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 17th day of December 2020.

SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar Number 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway

West Palm Beach, FL 33407
www.ScottWagnerLaw.com